# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AT&T Mobility II LLC | ) |
|     Plaintiff, | ) FILED: MAY 1, 2009 |
| v. | ) 09CV2684 |
| | ) JUDGE CASTILLO |
| William DeGironemo, Sr. | ) MAGISTRATE JUDGE ASHMAN |
| and William DeGironemo, Jr. | ) BR |
|     Defendants. | ) |

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff AT&T Mobility II LLC ("AT&T"), by its undersigned attorneys, complains against defendants William DeGironemo, Sr. and William DeGironemo, Jr. (collectively, "the DeGironemos") as follows:

### INTRODUCTION

1. Plaintiff AT&T brings this action seeking a declaration that Defendants have breached two Non-Competition and Non-Interference Agreements entered into in connection with an agreement under which AT&T purchased certain assets of a business from Defendants. The Non-Competition and Non-Interference Agreements provide for AT&T to make substantial payments in excess of jurisdictional amounts to Defendants. The relief sought in this action includes a declaration that Defendants' breaches excuse AT&T from making those payments.

### THE PARTIES

2. Plaintiff AT&T Mobility II LLC is a Delaware corporation with its principal place of business located in Atlanta, Georgia. AT&T is a telecommunications company that offers a broad range of communications products, including wireless personal communications services.

3. William DeGironemo, Sr. is an individual who resides in the State of Illinois and is the principal of Alpha Communications, Inc.

4. William DeGironemo, Jr. is the son of William DeGironemo Sr. and resides in the State of Illinois.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction of this case pursuant to 28 U.S.C. § 1332 because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the claim arose in this district. In addition, parties' contracts provide for venue in this district.

## FACTUAL BACKGROUND

7. Alpha Communications, Inc. ("Alpha") was one of the largest exclusive AT&T dealers in the Chicago area. William DeGironemo, Sr. is the principal of Alpha, which continues to operate as an exclusive AT&T dealer in Florida. In 2007, the parties began negotiating a contract under which AT&T would terminate Alpha's dealership operations in Illinois and purchase certain of Alpha's assets.

8. An important component of the transaction was the execution of a non-competition and non-interference agreements to prevent the DeGironemos from using their knowledge, skills, contacts and assets to benefit a business competitive with AT&T.

9. During the negotiations and while the Alpha exclusive dealer agreement was still in place, AT&T learned that William DeGironemo, Jr. (approximately 25 years old), who is the son of and who had worked closely with William DeGironemo, Sr., had incorporated a business

called Amtel Wireless, leased a number of retail facilities and negotiated with one of AT&T's competitors, T-Mobile, to operate as an T-Mobile dealer.

10. When confronted with the fact that AT&T had discovered the subterfuge, the DeGironemos ultimately dissolved Amtel Wireless and both DeGironemos executed non-competition and non-interference agreements effective April 30, 2008.

11. Those agreements, provide for substantial payments to the DeGironemos in exchange for their promise not to compete with AT&T or the business that was sold or assist others to do so. The agreement with William DeGironemo, Sr. provides for one payment on April 30, 2009 and another on April 30, 2010. The agreement with William DeGironemo, Jr. provides for two separate payments. Under the terms of the agreements, a breach by one DeGironemo constitutes a breach by both of them.

12. On information and belief, the DeGironemos attempted to sell the Amtel Wireless business opportunity and assets to at least one existing T-Mobile dealer.

13. On information and belief, DeGironemo, Jr. executed personal guarantees of the leases of the retail facilities leased by Amtel Wireless.

14. Within a few months of the DeGironemo's execution of the non-competition and non-interference agreements, Kenneth, Michael and Richard Stobart who, on information and belief are personal and professional acquaintances of the DeGironemos, formed Express Wireless. On information and belief, Express Wireless was formed with the intent of becoming a T-Mobile dealer notwithstanding the fact that the Stobarts had no previous experience in the wireless communications business.

15. On information and belief, shortly after the Stobarts formed Express Wireless, the DeGironemos transferred and or arranged for the transfer of certain assets of Alpha and/or

Amtel Wireless to Express Wireless, including, without limitation, the leases on the retail properties that had been leased by Amtel Wireless. On information and belief, the transfer of the aforesaid leases was done in a fashion that reduced or eliminated DeGironemo, Jr.'s liability under the guarantees.

16. A substantial number of the key former employees of Alpha who operated its AT&T business now operate Express Wireless. On information and belief, the DeGironemos played a substantial role in the placement of the former Alpha employees at Express Wireless.

17. On information and belief, DeGironemo, Sr. assisted and/or arranged for Express Wireless' hiring of its first COO, Alan Messner. Messner was a longtime personal and professional acquaintance of DeGironemo, Sr. Upon information and belief, Messner was the primary business leader of Express Wireless until November 2008 and the Stobarts had little operational involvement with the company.

18. Upon information and belief, Messner used Amtel's business plan (originally devised by the DeGironemos) to secure a dealer agreement with T-Mobile on behalf of Express Wireless.

19. Express Wireless now operates a large T-Mobile dealership in direct competition with AT&T.

## COUNT I

### DECLARATORY JUDGMENT

20. Plaintiff restates the allegations in paragraphs 1 through 19 as though fully stated herein.

21. The Non-Competition and Non-Intervention Agreements are valid and enforceable.

22. Defendants' conduct constitutes breaches of those agreements. Under the terms of the contracts at issue in this action, a breach by either of the DeGironemos constitutes a breach by both.

23. Plaintiff has a clearly ascertainable right and a protectable interest in not having the DeGironemos assist Express Wireless, an AT&T competitor. Further, Plaintiff has a clearly ascertainable right and protectable interest in having the Non-Competition and Non-Interference Agreements enforced.

24. There is an actual and justiciable controversy between Plaintiff and Defendants under the Non-Competition and Non Interference Agreements. Resolution of this dispute will aid in the termination of the controversy in that the parties will have a clear understanding of what their contractual rights are under the Agreements.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendants as follows:

1. Enter a declaratory judgment in favor of Plaintiff and against Defendants holding that the Non-competition and Non-Intervention Agreements have been breached by Defendants;

2. Enter a declaratory judgment in favor of Plaintiff and against Defendants holding that Plaintiff is excused from making the payments to Defendants that are set forth in those agreements;

3. Awarding Plaintiff its costs and legal fees; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

May 1, 2009

Respectfully submitted,

AT&T Mobility II LLC

<u>    s/ David K. Cole, III    </u>
One of Its Attorneys

Of Counsel:

George J. Tzanetopoulos
Victoria Collado
David K. Cole, III
Mayer, Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606
(312) 782-0600